# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY SMITH, | 1:10-cv-01088-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, AND THAT THE DISMISSAL BE SUBJECT TO 28 U.S.C. § 1915(g) |
| v. | |
| JAMES YATES, et al., | |
| | (Doc. 10.) |
| Defendants. | |
| | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.   RELEVANT PROCEDURAL HISTORY**

Plaintiff Rodney Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 16, 2010. (Doc. 1.) On November 17, 2011, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 9.) On December 16, 2011, Plaintiff filed an Amended Complaint, which is now before the Court for screening. (Doc. 10.)

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  While factual allegations are accepted as true, legal conclusions are not.  Id. at 1949.

**III.   SUMMARY OF AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California.  The events at issue allegedly occurred at Pleasant Valley State Prison ("PVSP") in Coalinga, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants James Yates (Warden, PVSP), Matthew Cate (Secretary, Corrections and Rehabilitation, Sacramento), James Tilton (former Secretary, Corrections and Rehabilitation, Sacramento), Igbinosa (Chief Medical Officer, PVSP), and John/Jane Does 1-50 ("Defendants").

Plaintiff alleges as follows in the Amended Complaint.  In August 2006, Plaintiff was transferred to PVSP.  Defendants knew or should have known this prison was a "hot spot" for the disease known as Valley Fever.  Although many deaths occurred at this prison from Valley Fever, the California Department of Corrections and Rehabilitation refused to close it down and violated many health and safety codes.

In November 2007, Plaintiff suffered from flu-like symptoms such as sore throat, persistent cough, chills, and night sweats.  These symptoms persisted for a month, then stopped.  In February 2008, Plaintiff requested to be tested for Valley Fever.  Plaintiff was given a chest x-ray which showed signs of the disease, but the doctor claimed that a blood test came back negative.  The doctor withheld this information to conceal the outbreak, working with the warden because of money cuts.

1  It was well known among inmates that doctors would hide results of the disease and make false
2  entries in medical records.
3        On June 13, 2008, Plaintiff was seen at the PVSP medical clinic. Although doctors claimed
4  an x-ray did not indicate any signs of lung problems, Plaintiff was prescribed the medication
5  Fluconazole and Vitamin C, the standard treatment for Valley Fever. The doctor knew that Plaintiff
6  had this disease and tried to hide the fact, as shown by his strange behavior in Plaintiff's treatment.
7        On August 6, 2008 and December 30, 2008, a worker was fired for telling inmates the truth,
8  so Plaintiff then tested positive according to the doctor. The doctor knew or should have known that
9  Plaintiff had a lesion at the base of his right lung.
10       Plaintiff cannot perform any strenuous exercise without experiencing shortness of breath and
11 occasional chest pain.
12       Plaintiff requests monetary damages, declaratory relief, and costs of suit.

13 **IV.    PLAINTIFF'S CLAIMS**

14       The Civil Rights Act under which this action was filed provides:

15 > Every person who, under color of [state law] . . . subjects, or causes to be subjected,
16 > any citizen of the United States . . . to the deprivation of any rights, privileges, or
> immunities secured by the Constitution . . . shall be liable to the party injured in an
17 > action at law, suit in equity, or other proper proceeding for redress.

18 42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
19 Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
20 (internal quotations omitted). "To the extent that the violation of a state law amounts to the
21 deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,
22 Section 1983 offers no redress." Id.

23     **A.    Valley Fever**

24       Plaintiff alleges that he would not have contracted Valley Fever had he not been transferred
25 to PVSP. "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the
26 mere fact that he was confined in a location where Valley Fever spores existed which caused him
27 to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores
28 presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, *4

3

(E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009). Defendants cannot, therefore, be held liable for subjecting Plaintiff to dangerous conditions, or for a failure to protect Plaintiff.

### B. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the

4

Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

While Plaintiff has demonstrated that he has a serious medical need, he has not alleged facts showing that any named defendant personally acted or failed to act, with deliberate indifference to Plaintiff's serious medical need. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). Plaintiff makes allegations against "the doctor" and "defendants" without naming any of the individual defendants. Moreover, even if Plaintiff had named individual defendants, Plaintiff's allegations fail to establish that any of the defendants purposely acted or failed to respond to Plaintiff's possible medical need, with harm caused by the indifference. Therefore, Plaintiff fails to state a cognizable Eighth Amendment medical claim.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Amended Complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. It appears that Plaintiff is not capable of curing the deficiencies outlined above by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, this action should be dismissed for failure to state a claim.

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

**days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 27, 2012**          /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE